IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-00162-1BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| MICHAEL DOUGHTY WILLIAMS | ) | |
| | ) | |

This matter is before the court on defendant's *pro se* motion to reduce his sentence under the First Step Act of 2018 ("First Step Act"), (DE # 172), and defendant's counseled supplemental motion for a sentence reduction under the First Step Act, (DE # 176).

In 2010, a jury convicted defendant of conspiracy to possess with intent to distribute 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, the court determined that defendant's guideline imprisonment range was life. (8/15/10 Tr., DE # 116, at 50; <u>see</u> <u>also</u> PSR ¶ 48.) Based on "the involvement of the defendant's father [in] enabling and compelling him to engage in drug trafficking, the instability of his childhood, and lack of significant criminal history," the court downwardly varied from that range and sentenced defendant to 300 months imprisonment. (8/15/10 Tr., DE # 116, at 65-66.) The court also sentenced defendant to five years supervised release. (<u>Id.</u> at 66.)

Defendant appealed, challenging his conviction and sentence. The Fourth Circuit affirmed, and defendant subsequently filed a petition for a writ of certiorari, which the Supreme Court denied. <u>United States v. Williams</u>, 439 F. App'x 254 (4th Cir.), <u>cert. denied</u>, 565 U.S. 1021 (2011). In 2012, defendant challenged his conviction and sentence with a habeas corpus motion under 28 U.S.C. § 2255. The court dismissed the motion on initial review.

In January 2019, defendant filed his *pro se* motion to reduce his sentence. The court appointed the Federal Public Defender to represent him pursuant to Standing Order No. 19-SO-3 (E.D.N.C.). In November, the Federal Public Defender filed a notice of appearance on behalf of defendant and filed the supplemental motion for a sentence reduction. The government filed a response to that motion, (DE # 178), and defendant filed a reply, (DE # 179). The United States Probation Office has filed a memorandum setting forth its assessment of defendant's eligibility for relief, (DE # 180), to which defendant has filed an objection, (DE # 181).

In his counseled motion, defendant requests that the court reduce his sentence of imprisonment and term of supervised release. (Suppl. Mot., DE # 176, at 3, 5.) Based on changes in the relevant statutory penalties and sentencing law, length of time in custody, and post-sentencing conduct, he argues a sentence of time served is appropriate. (Id. at 3-5; Reply, DE # 179, at 2-3.) The government does not dispute that defendant is eligible for relief. (See Resp., DE # 178, at 1.) However, it urges the court to deny defendant relief because, it maintains, the change in statutory penalties has no effect on defendant's guideline range due to the quantity of drugs involved. (See id. at 5.)

Under 18 U.S.C. § 3582(c)(1)(B), a "court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." The First Step Act is such a statute. See United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019), amended (Nov. 21, 2019) ("[T]he distinct language of the First Step Act compels the interpretation that motions for relief under that statute are appropriately brought under § 3582(c)(1)(B).") The Act made Sections 2 and 3 of the Fair Sentencing Act of 2010 ("Fair Sentencing Act") retroactive. See Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). "A court that imposed a sentence for a covered

offense may . . . impose a reduced sentence as if [these] sections . . . were in effect at the time the covered offense was committed." Id. § 404(b).

To determine whether defendant is eligible for relief under the First Step Act, the court considers whether defendant's offense is a "covered offense." See Wirsing, 943 F.3d at 185. The First Step Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Pub. L. No. 115-391, § 404(a), 132 Stat. at 5222. Those sections of the Fair Sentencing Act increased the threshold amounts of crack cocaine to trigger mandatory minimum terms of imprisonment for trafficking crack cocaine and eliminated the five-year mandatory minimum term of imprisonment for simple possession of crack cocaine. See Pub. L. No. 111-220, §§ 2, 3, 124 Stat. 2372 (2010).

In this case, defendant committed the crack cocaine offense prior to 3 August 2010. At the time defendant committed the offense, the statutory penalty was 10 years to life imprisonment and five years to life supervised release. (PSR ¶¶ 47, 50); see also 21 U.S.C. § 841(b)(1)(A)(iii) (2009); id. § 846 (1970). The Fair Sentencing Act modified this penalty. See Pub. L. No. 111-220, § 2(a)(1), 124 Stat. at 2372 (raising the threshold amount from 50 grams to 280 grams). If the Fair Sentencing Act was in effect at the time defendant committed the offense, he would be subject to 5 to 40 years imprisonment and four years to life supervised release.[1] See 21 U.S.C. § 841(b)(1)(B)(iii) (2018). Accordingly, his offense of conviction is a

---

[1] Defendant questions whether the statutory maximum term of imprisonment should be 20 years based on United States v. Collins, 415 F.3d 304 (4th Cir. 2005), where the Fourth Circuit held the jury must make a determination of the statutory threshold drug quantity attributable to a member of a drug distribution conspiracy, id. at 313-14. (See Reply, DE # 179, at 2 n.1.) The Fourth Circuit considered this issue on direct appeal. The court concluded defendant's "reliance on Collins is simply misplaced." (DE # 123, at 6.)

3

"covered offense" under the First Step Act, and defendant is eligible for relief.

Whether to reduce defendant's sentence remains in the court's discretion. See Wirsing, 943 F.3d at 180. The court considers the relevant 18 U.S.C. § 3553(a) factors, the advisory nature of the sentencing guidelines, and the defendant's post-sentencing conduct. E.g., United States v. Mack, Crim. No. PJM 09-00247, 2019 WL 7037961, at *3 (D. Md. Dec. 20, 2019); United States v. Spotts, Civil Action No. 3:00-0647, Criminal Action No. 3:98-00047-01, 2019 WL 6521981, at *4 (S.D.W. Va. Dec. 3, 2019); United States v. Robinson, No. 5:06-CR-14, 2019 WL 5967967, at *6 (W.D. Va. Nov. 13, 2019); United States v. Brown, No. 07-20195-01, 2019 WL 4126555, at *3 (E.D. Mich. Aug. 30, 2019). Considering these factors, the court concludes a sentence reduction is warranted.

Defendant has been incarcerated nearly 11 years. He has been employed for at least the last seven years. (Supp. Mot., Ex. B, DE # 176-2, at 2.) His supervisor characterizes him as "a hard working responsible individual" and is "confident that when [defendant] is released from prison he will be a productive, law abiding member of the community." (Id., Ex. C, DE # 176-3.) He has mentored other inmates, (6/10/19 Letter, DE # 174), taken numerous educational courses, including drug education, (Supp. Mot., Ex. B, DE # 176-2, at 3, 4), and satisfied his financial obligation, (id. at 4). Although defendant has incurred two infractions, the last one was more than six years ago. (See id. at 3.)

Additionally, with the change in statutory penalty, defendant's sentencing guideline range has been lowered. As stated above, at sentencing, defendant's imprisonment range was life. His supervised release range was five years. (8/15/10 Tr., DE # 115, at 50; see also PSR ¶ 51.) Now, the imprisonment range is the statutory maximum, 480 months. See U.S.S.G. Ch. 5, pt. A

(2018); id. § 5G1.1(a) (2018).  (See also USPO Mem., DE # 180, at 2.)   The supervised release range is four to five years.   See U.S.S.G. § 5D1.2 (2018).   If the court were to downwardly vary from the revised range, as it did at sentencing, a comparable sentence would be 267 months imprisonment.   (See USPO Mem., DE # 180, at 1.)   If the court were to also downwardly vary based on the crack/powder disparity in the sentencing guidelines, as is the court's current practice, see Spears v. United States, 555 U.S. 261, 265-66 (2009) (per curiam) ("[D]istrict courts are entitled to reject and vary categorically from the crack cocaine Guidelines based on a policy disagreement with those Guidelines."), defendant's sentence of imprisonment would be even lower.

Considering all these circumstances, the court will reduce defendant's term of imprisonment and reduce his term of supervised release.   Defendant's supplemental motion for a sentence reduction is ALLOWED.   Defendant's *pro se* motion to reduce his sentence is ALLOWED to the extent it seeks relief consistent with the supplemental motion, and otherwise, it is DENIED.   Defendant's previously imposed sentence of imprisonment as reflected in the judgment dated 8 July 2010 is reduced to time served.   Defendant's term of supervised release is reduced to four years.   The Bureau of Prisons is permitted to delay defendant's release from prison for up to 10 days for administrative purposes.   Except as provided herein, all provisions of the judgment dated 8 July 2010 shall remain in effect.

This 3 April 2020.

_____
W. Earl Britt
Senior U.S. District Judge

5